# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) No. 17 C 1771 <br> ) <br> ) Judge Sara L. Ellis |
| SHAWMUT WOODWORKING & SUPPLY, INC. d/b/a SHAWMUT DESIGN AND CONSTRUCTION; BIRK PLUMBING, INC.; DEL FRISCO'S OF CHICAGO, LLC d/b/a DEL FRISCO'S DOUBLE EAGLE STEAKHOUSE, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## OPINION AND ORDER

On two occasions, waste-laden water flowed into Tom Ford Retail Illinois, LLC's ("Tom Ford") store, causing damage to Tom Ford's real and personal property. Tom Ford's insurance provider, Travelers Indemnity Company of America ("Travelers"), brings this action against Defendants Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"), Birk Plumbing, Inc. ("Birk"), and Del Frisco's of Chicago, LLC d/b/a Del Frisco's Double Eagle Steakhouse ("Del Frisco's") to recover Tom Ford's insured and uninsured damages. Travelers alleges negligence against all Defendants for failing to ensure the plumbing work performed in the building and subsequent waste disposal would not cause harm to other tenants, such as Tom Ford, and also brings a nuisance claim against Del Frisco's. Birk moves to dismiss Travelers' negligence claim, arguing that the economic loss doctrine precludes recovery. Because the Court finds that Travelers has sufficiently alleged facts to meet the sudden or

dangerous occurrence exception to the economic loss doctrine, the Court denies Birk's motion to dismiss.

## BACKGROUND[1]

In 2012, Tom Ford began leasing space in a commercial building at 58-66 East Oak Street in Chicago, Illinois for one of its retail stores. Travelers provided Tom Ford with an insurance policy for its business and property. At some point, Del Frisco's, a steakhouse, entered into a lease for the commercial space directly above Tom Ford in the building. Del Frisco's contracted with Shawmut to build out its space. Shawmut subcontracted with Birk for the plumbing work associated with the Del Frisco's project.

Birk's plumbing work was faulty, leading waste materials to "obstruct, damage or overload the Building's drainage or sewer system." Doc. 1 ¶ 19. Specifically, on October 15, 2014 and March 17, 2015, plumbing pipes in Tom Ford's space "became obstructed, damaged, or overloaded with waste materials from Del Frisco's, which in turn caused waste-laden water to flow into and damage Tom Ford's real property and personal property." *Id.* ¶ 20. Tom Ford had to perform emergency repairs and cleanup. Tom Ford filed two insurance claims with Travelers of over $75,000, which Travelers paid. Tom Ford also sustained uninsured losses of $50,000 from the flooding incidents. Tom Ford assigned its rights to pursue recovery of these uninsured losses to Travelers.[2]

---

[1] The facts in the background section are taken from Travelers' complaint and are presumed true for the purpose of resolving Birk's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court also considers the exhibits attached to Travelers' response to the motion to dismiss, as they are matters of public record. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (taking judicial notice of state court documents).

[2] Many of the parties involved here are also involved in a state court lawsuit involving water damages Tom Ford suffered because of frozen pipes at Del Frisco's that burst. In that lawsuit, *The Phoenix*

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Birk argues that Travelers' negligence claim is barred by the economic loss doctrine, which "denies a remedy in tort to a party whose complaint is rooted in disappointed contractual or commercial expectations." *Collins v. Reynard*, 607 N.E.2d 1185, 1188, 154 Ill. 2d 48, 180 Ill. Dec. 672 (1992). In Illinois, the economic loss doctrine was first set forth in *Moorman Manufacturing Co. v. National Tank Co.*, 435 N.E.2d 443, 191 Ill. 2d 69, 61 Ill. Dec. 746 (1982). *Moorman* defined "economic losses" as:

> damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal injury or damage to other property . . . as well as

---

*Insurance Co. v. Shawmut Woodworking & Supply, Inc.*, No. 2016-L-003362 (Ill. Cir. Ct.), a court in the Circuit Court of Cook County denied Birk's motion to dismiss a similar negligence claim in which it also argued the economic loss doctrine applied. *See* Docs. 28-2, 28-2. Because the state court order does not contain any reasoning, the Court only notes the fact that Birk did not prevail on similar arguments without attaching any additional significance to the matter.

> the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.

*Id.* at 449 (citations omitted) (internal quotations marks omitted).

First, Travelers argues that the economic loss doctrine does not apply to its claim against Birk because no contract or bargain existed between Tom Ford and Birk, with Birk never performing any work inside Tom Ford's tenancy in the commercial building occupied by both Tom Ford and Del Frisco's. In other words, Travelers contends that for the economic loss doctrine to apply, the parties must have been involved in a contractual relationship. But the economic loss doctrine does not require the plaintiff to have an available contractual remedy. *See Anderson Elec., Inc. v. Ledbetter Erection Corp.*, 503 N.E.2d 246, 249, 115 Ill. 2d 146, 104 Ill. Dec. 689 (1986) ("A plaintiff seeking to recover purely economic loss due to defeated expectations of a commercial bargain cannot recover in tort, regardless of the plaintiff's inability to recover under an action in contract."); *see also In re Chicago Flood Litig.*, 680 N.E.2d 265, 274–76, 176 Ill. 2d 179, 223 Ill. Dec. 532 (1997) (finding economic loss doctrine applicable to those plaintiffs who only alleged economic loss and not physical property damage for alleged negligence against city and contractor, with whom plaintiffs did not have a contractual relationship). Thus, the absence of a contractual relationship makes no difference to the applicability of the economic loss doctrine.

Instead, the Court must determine whether an exception to the economic loss doctrine applies to Travelers' claim from the face of the pleadings. Illinois recognizes three exceptions to the economic loss doctrine: (1) where the plaintiff sustained personal injury or property damage as a result of a sudden or dangerous occurrence; (2) "where the plaintiff's damages are proximately caused by a defendant's intentional, false representation;" and (3) "where the

plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions." *Id*. at 275. Travelers only contends that the first exception—for a sudden or dangerous occurrence—applies here. For this exception, the Court must find both (1) a sudden or dangerous event and (2) damage to other property. *Id.* ("[T]he event, by itself, does not constitute an exception to the economic loss rule. Rather, the exception is composed of a sudden, dangerous, or calamitous event *coupled with* personal injury or property damage." (emphasis added)).

I.  **Sudden or Dangerous Occurrence**

In its motion, Birk conclusorily argues that Travelers has not pleaded a sudden or dangerous occurrence. But Travelers alleges that the damage Tom Ford suffered arose from a sudden or calamitous event, with the plumbing pipes becoming so overloaded with waste material that water burst into Tom Ford's property. In reply, Birk contends that a water leak, particularly one caused by an accumulation of water in a pipe, cannot meet the requirement for the exception. Courts have recognized that damage caused by water leaks does constitute a sudden or dangerous event, however. *See, e.g.*, *Sovereign Chem. & Petroleum Prods., Inc. v. Ameropan Oil Corp.*, 148 F.R.D. 208, 213 (N.D. Ill. 1992) (economic loss doctrine did not bar recovery where frozen pipes burst and caused water leak). As for Birk's argument that the leak was caused by an accumulation of water in the pipes, meaning it cannot be considered sudden, Birk focuses on the wrong issue; the occurrence at issue is the actual leak itself and not the events leading up to it. *See United Air Lines, Inc. v. CEI Indus. of Ill., Inc.*, 499 N.E.2d 558, 562, 148 Ill. App. 3d 332, 102 Ill. Dec. 1 (1986) ("We must look to the suddenness of the *occurrence of an event*—the point when the injury occurs (a fire, overturning of a truck, collapse of a

5

ceiling)—where such occurrence causes personal injury or damage to property external to the defective product which exposes a party to an unreasonable risk of injury to himself or his property, rather than the suddenness or length of time within which the *defect or cause of the occurrence* develops (ignition of polyurethane padding, locking wheel brakes, water leakage) and manifests itself in the sudden and calamitous occurrence."). Travelers' complaint does not clearly set forth the time it took for the pipes to leak the waste-laden water into Tom Ford's property on the two occasions at issue. But at this stage, drawing all inferences in Travelers' favor, the Court finds Travelers has sufficiently alleged a sudden or dangerous event, with it conceivable that water suddenly entered Tom Ford's property. *See id.* at 563 (ceiling collapse caused by water leaking through faulty roof constituted a sudden and dangerous event, regardless of whether water "gradually accumulated" or "'suddenly' poured in"); *see also Mars, Inc. v. Heritage Builders of Effingham, Inc.*, 763 N.E.2d 428, 435–36, 327 Ill. App. 3d 346, 261 Ill. Dec. 458 (2002) ("[M]erely stat[ing] the frame collapsed in a thunderstorm . . . sufficiently alleged the claimed property damage was caused by a sudden and dangerous event."). Further factual development may prove otherwise, but at this point, the Court moves on to consider whether the water leakage resulted in personal injury or property damage to other property, the second element of the exception. *See Yeadon Fabric Domes, LLC v. Roberts Envtl. Control Corp.*, No. 15 CV 6679, 2016 WL 3940098, at *2–3 (N.D. Ill. July 21, 2016) (finding that plaintiff had sufficiently alleged, for purposes of motion to dismiss, that dome had ruptured suddenly even though defendant contended that events leading up to rupture could have taken approximately two weeks).

## II. Damage to Other Property

For the sudden or dangerous occurrence exception to apply, Travelers must seek damages for loss to property other than the defective product. *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 682 N.E.2d 45, 52, 177 Ill. 2d 21, 224 Ill. Dec. 484 (1997). The economic loss doctrine bars "tort recovery when a defective product causes the type of damage [to other property] one would *reasonably expect* as a direct consequence of the failure of the defective product." *Id.* at 58 (emphasis added). The Court thus considers the "injured party's bargained-for expectation" in determining whether the damage was to the same or separate property. *Id.* at 46.

Birk argues that Travelers cannot satisfy the "other property" requirement because both Del Frisco's and Tom Ford shared space in the same building, meaning that the same structure was damaged and any property damage Tom Ford suffered cannot be separated from the product at issue, the allegedly defectively installed plumbing pipes. But the Court disagrees. Although Tom Ford and Del Frisco's shared space in the same commercial building, to say that Tom Ford contemplated damage to its leased space and the property therein from pipes within Del Frisco's space, as alleged in the complaint, or that the property affected, which includes both real and personal property, is the same stretches the imagination at the motion to dismiss stage. Without additional information, the Court cannot determine the relationship between the pipes at issue and the property allegedly damaged. *See Yeadon Fabric Domes*, 2016 WL 3940098, at *3 (allowing plaintiff to proceed on tort theory, finding that court could not determine relationship between products at motion to dismiss stage to conclude that separate property was damaged). Additionally, the fact that Tom Ford and Del Frisco's occupied space in the same commercial building does not automatically mean that the Court must consider all of the damage as a whole.

*See Scott & Fetzer Co. v. Montgomery Ward & Co.*, 493 N.E.2d 1022, 1026, 112 Ill. 2d 378, 98 Ill. Dec. 1 (1986) (allowing tenants who occupied space in a warehouse to pursue damages for loss of property "other than the defective product," including for "damages resulting from the loss of audio equipment, paint sprayers, speakers, inventory, supplies, and stock"). Therefore, at this stage, the Court finds that Travelers has sufficiently pleaded its claim to meet the sudden or dangerous occurrence exception to the economic loss doctrine, allowing it to proceed on its negligence claim against Birk.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant Birk's motion to dismiss the complaint [25]. The Court orders Birk to answer the complaint by October 2. 2017.

Dated: September 18, 2017

SARA L. ELLIS
United States District Judge